■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ARTHUR GEORGE ECKERT, Respondent.— Appeal from an order of the County Court, Nassau County, dismissing an indictment which charges respondent, an epileptic, with a violation of section 1053-a of the Penal Law (criminal negligence in operation of vehicle resulting in death). The indictment was dismissed on an inspection of the Grand Jury minutes, granted by the order appealed from, on respondent's application. Order modified by striking therefrom everything which follows the word "granted" in the first ordering paragraph. As so modified, order affirmed. There was sufficient legal proof before the Grand Jury to warrant a trial jury in finding that for fifteen years prior to the occurrence respondent had been having frequent "blackouts" due to a

chronic epileptic condition, that he knew the gravity of his illness and the danger inherent in his driving, that as a result of an epileptic seizure he lost control of his car while he was attempting to pass a truck on the right, that his car left the paved portion of the highway, that its course then described an arc, and that it eventually struck its victim and collided with the truck. The facts, if unexplained and uncontradicted, exclude every reasonable hypothesis consistent with innocence. (*People* v. *Lewis*, 275 N. Y. 33, 39; *People* v. *Harris*, 136 N. Y. 423, 428; *People* v. *Bennett*, 49 N. Y. 137, 144.) The theory that his loss of control might have been caused by his head striking the sun visor in the collision, rather than by a temporary "blackout" due to epilepsy, is untenable, for the erratic swing of the car preceded the impact with the truck. There was testimony by one of respondent's doctors that he had warned respondent not to drive and that the latter acknowledged that he knew it was dangerous for him to do so. The admission of this evidence was proper. Furthermore, even without said doctor's testimony, the proof, if unexplained or uncontradicted, would warrant a finding by a trial jury that respondent was aware of the seriousness of his illness and the peril inherent in his driving and that, consequently, he was culpable. (*People* v. *Angelo*, 246 N. Y. 451, 457; *Matter of Jenson* v. *Fletcher*, 277 App. Div. 454; *State* v. *Gooze*, 14 N. J. Super. 277; *Smith* v. *Commonwealth*, 268 S. W. 2d 937 [Ky.].) Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur. [208 Misc. 93.]